## DAVID BROWN V. THE STATE.

No. 21287.  Delivered January 15, 1941.

Rehearing Denied February 19, 1941.

The opinion states the case.

*G. A. Lynn*, of Lufkin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The offense is assault with intent to rob; the punishment, confinement in the penitentiary for two years.

Appellant admitted that he assaulted the injured party, Mark Jones, who was a delivery boy for a drug store, but denied that he intended to rob him. The testimony of Mark Jones and that of other witnesses for the State was sufficient to warrant the conclusion of the jury that the assault was made with intent to rob.

In bill of exception No. 1 it is shown that appellant timely

and properly objected to the charge of the court on the ground that robbery was therein defined. It is true that the court defined robbery and mentioned in the charge the punishment provided therefor. However, the charge properly submitted an instruction defining assault with intent to rob, and in applying the law to the facts gave a correct instruction relative to such an offense. Under the circumstances, we are unable to perceive how the instruction touching the penalty for robbery could have injured the appellant.

Bill of exception No. 2 relates to the argument of the district attorney, it being shown in the bill that he stated to the jury that there were "no filling stations situated within six to eight blocks of the First Methodist Church." Appellant objected to the argument on the ground that it was not supported by the testimony. We find nothing in the bill of exception in support of the ground of objection. Under the circumstances, the bill fails to present error.

Bill of exception No. 3 is not sufficient in its recitals to enable us to determine that the matter complained of therein presents reversible error.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because of our ruling in the original opinion relative to his bill of exceptions No. 1, in which error was alleged because of the fact that the trial court gave in charge to the jury not only the law defining robbery by assault but also included in said definition the penalty for a conviction of such robbery.

That it was necessary to define the offense of robbery, before the jury could understand the offense of an assault with intent to rob, should be apparent. But it is contended that because of the trial court giving in his charge the punishment for robbery, which could be a severe one under the law, such probably caused the jury to refuse appellant the benefit of a suspended sentence. It is noted by us that the trial court charged the full import of Art. 1408, P. C., in setting forth the offense of robbery. It is also noted that Art. 1163, P. C. says:

"If any person shall assault another with the intent to com-

mit the offense of robbery, he shall be confined in the penitentiary not less than two nor more than ten years."

We think it to be evident from the above quotation that it would be necessary for the trial court to define the offense of robbery in his charge before he could reach the offense of an assault to rob in such charge.

We also note that appellant received the lowest penalty for such an assault, and we are not impressed with the reasoning that the inclusion of the punishment affixed to the offense of robbery in the court's charge could have so impressed the jury that they failed to respond favorably to appellant's request for a suspended sentence. From a reading hereof it is possible that the facts produced upon the trial may have conduced to the jury's failure to award a suspended sentence.

We think this cause was properly decided in our original opinion, and the motion is therefore overruled.