**Leeroy LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50887.**

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

Paul Banner, Greenville, for appellant.

Charles L. Waldrum, County Atty. and John H. Morris, Asst. County Atty., Bon-ham, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of involuntary manslaughter. Appellant entered a plea of guilty, and the jury assessed his punishment at imprisonment for 7 years.

Appellant complains of the trial court's failure to withdraw his plea of guilty; he contends the trial court erred in not submitting to the jury the lesser included offense of criminally negligent homicide and in failing to direct the jury to return a verdict of not guilty for that offense; he also attacks the statute under which the conviction was obtained.

Appellant asserts that the trial court on its own motion should have withdrawn his plea of guilty and entered for him a plea of not guilty. At the outset, we note that in *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr. App.1968), it was said:

"   .   .   .   a plea of guilty to a felony charge before a jury admits the existence of all incriminating facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." 434 S.W.2d at 364.

*Reyna v. State,* supra, further held that the trial court is only obligated to withdraw a defendant's plea of guilty when testimony is introduced which

"   .   .   .   makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn.

"   .      .      .      .

"[T]hat evidence must go farther than just tending to show a defensive issue, but must reasonably and fairly present

such issue before the trial court would be required to withdraw the guilty plea." 434 S.W.2d 362, 365.

See also *Lee v. State*, 503 S.W.2d 244 (Tex. Cr.App.1974); *Hayes v. State*, 484 S.W.2d 922 (Tex.Cr.App.1972); *Edworthy v. State*, 371 S.W.2d 563 (Tex.Cr.App.1963); *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); *Navarro v. State*, 141 Tex.Cr.R., 147 S.W.2d 1081 (1941); *Harris v. State*, 76 Tex.Cr.R. 126, 172 S.W. 975 (1915).

It is appellant's contention that the evidence reasonably and fairly presents the defensive issues of self defense and accident. The evidence consists primarily of stipulations, a written confession and appellant's own testimony. The evidence reflects that appellant and the deceased, Frankie Ruth Lewis, were married, but had been separated for six or seven months at the time the offense occurred. The appellant arrived at the house of the deceased at 11:30 p. m. on May 28, 1974. The deceased answered appellant's knock at the door and the ensuing conversation soon developed into an argument. The deceased had a pistol and she waved it about, occasionally pointing it at the appellant. The appellant kicked in the front door, breaking its window, and entered the house. The deceased, still in possession of her pistol, retreated to her bedroom; appellant followed her to the bedroom. Appellant told the deceased that he did not want to "play like that" and for her to "just shoot" him. He told her that she would not "like the idea" if he pointed a gun at her; so saying, he pulled his own loaded pistol from his pocket and "shook" it at her; the gun discharged and the fatal bullet struck the deceased in the left eye. Appellant testified that when his gun discharged the deceased was still pointing her pistol at him.

■ The deceased did not fire her gun, and the appellant did not testify that he feared for his life or believed he was in danger of sustaining serious bodily injury. Appellant was clearly the aggressor and he provoked the fatal confrontation in the bedroom. The evidence does not fairly raise the issue of self defense. Cf. *Villa v. State*, 122 Tex.Cr.R. 142, 53 S.W.2d 1023 (1932).

Further, the evidence does not fairly raise the defensive issue of accident. The record reflects that appellant's conduct toward the deceased was voluntary. See V.T. C.A. Penal Code, Sec. 6.01(a). Accidental homicide is the result of an involuntary act. See V.T.C.A. Penal Code, Secs. 6.01(a) and 6.02(a). Cf. *Brown v. State*, 523 S.W.2d 238 (Tex.Cr.App.1975); *Stiles v. State*, 520 S.W.2d 894 (Tex.Cr.App.1975). Appellant voluntarily shook his gun in a threatening manner at the deceased; this unlawful and reckless behavior does not give rise to the defensive issue of accident.

At no time did appellant make any request to withdraw his plea of guilty in the trial court. It was not incumbent upon the trial judge to withdraw appellant's plea of guilty under the circumstances of this case. See *Trevino v. State*, 519 S.W.2d 864 (Tex. Cr.App.1975); *Vance v. State*, 122 Tex.Cr.R. 157, 54 S.W.2d 118 (1932); *Galvan v. State*, 525 S.W.2d 24 (Tex.Cr.App.1975); *Reyna v. State*, supra; *Williams v. State*, 487 S.W.2d 363 (Tex.Cr.App.1972). This ground of error is overruled.

■ Appellant contends that he should have been acquitted of involuntary manslaughter because the evidence shows that the killing was not intentional. Specific intent to kill is not an element of the offense of involuntary manslaughter under V.T.C.A. Penal Code, Sec. 19.05. This ground of error is overruled.

■ The appellant contends that the court erred in not submitting to the jury an instruction on the law of criminally negligent homicide; he also contends that the evidence is insufficient to show either involuntary manslaughter or criminally negligent homicide, and that the court therefore erred in failing to instruct the jury to acquit him. The evidence does not raise the issue of criminally negligent homicide. Moreover, the appellant entered a plea of

guilty to the offense of involuntary manslaughter; this plea admitted the existence of all incriminating facts necessary to establish guilt. *Reyna v. State,* supra. These grounds of error are without merit and are overruled.

In several grounds of error the appellant makes a novel attack on provisions of the new Penal Code. The appellant says that the sole difference between involuntary manslaughter as defined by V.T.C.A. Penal Code, Section 19.05(a)(1) and criminally negligent homicide as defined by V.T.C.A. Penal Code, Section 19.07(a) is the culpable mental state of the accused. He asserts that a defendant's reckless act may support a conviction for involuntary manslaughter, while a defendant's criminally negligent act will only support a conviction for criminally negligent homicide. He then argues that there is no difference between reckless conduct as defined by V.T.C.A. Penal Code, Section 6.03(c) and criminal negligence as defined by V.T.C.A. Penal Code, Section 6.03(d); therefore, he says the statutes defining involuntary manslaughter and criminally negligent homicide penalize the same conduct and are so vague that they are unconstitutional and unenforceable as penal statutes; in the alternative he argues that only the lower penalty provided for criminally negligent homicide may be assessed against one found guilty of involuntary manslaughter.

 We agree that the offenses of involuntary manslaughter and criminally negligent homicide differ in the culpable mental state which suffices to establish the commission of each offense. Reckless conduct as defined by V.T.C.A. Penal Code,

Section 6.03(c)[1] involves conscious risk creation, that is, the actor is aware of the risk surrounding his conduct or the results thereof, but consciously disregards that risk. Criminal negligence as defined by V.T.C.A. Penal Code, Section 6.03(d)[2] involves inattentive risk creation, that is, the actor ought to be aware of the risk surrounding his conduct or the results thereof. At the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct; the key to criminal negligence is found in the failure of the actor to perceive the risk. As defined, criminal negligence is a lesser culpable mental state than recklessness; mere proof of criminal negligence would not suffice to support a conviction for the offense of involuntary manslaughter. V.T.C.A. Penal Code, Sections 19.-05(a)(1) and 19.07 do not penalize the same conduct and they are not so vague and uncertain as to be unconstitutional and unenforceable as penal statutes. This ground of error is overruled.

Appellant's last ground of error is unintelligible; further, no authority is cited and no argument is made thereunder. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.

---

1. "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

2. "A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."