**Michael Anthony PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–142 CR.**

Court of Appeals of Texas,
Beaumont.

May 21, 1986.

---

Mike DeGeurin, Foreman & DeGeurin, Houston, for appellant.

Peter Speers, III, Dist. Atty., Mary Ann Turner, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was charged with violating *TEX.PENAL CODE ANN. Sec. 19.05(a)(1)* (Vernon 1974).[1] Appellant waived a jury, and the court found him guilty and assessed his punishment at three years in the Texas Department of Corrections, plus a fine of $1,000. Appeal has been perfected to this court on a single ground of error, viz: "The evidence is insufficient to support a conviction for involuntary manslaughter."

Reckless is described in *TEX.PENAL CODE ANN. sec. 6.03* (Vernon 1974) as follows:

"(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross devia-

---

1. "Sec. 19.05. Involuntary Manslaughter
   (a) A person Commits an offense if he:

(1) recklessly causes the death of an individual; ...."

tion from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

The gravamen of reckless conduct, as defined by *Section 6.03(c)*, is that a person is aware of his conduct, realizes the possible results thereof, yet consciously disregards that risk. *Lewis v. State*, 529 S.W.2d 550, 553 (Tex.Crim.App.1975). *See also Arredondo v. State*, 582 S.W.2d 457 (Tex.Crim.App.1979).

The evidence produced in the case at bar, both by stipulation and witnesses (mostly admitted to by appellant), shows that appellant was weaving from lane to lane on the highway. At the same time, he was drinking beer, and was probably on his fifth can when he got off the hard surface area of the highway, striking a bicyclist on the right hand, grass section of the right of way. The bicyclist died.

We believe and hold that these facts are sufficient to sustain the definition of recklessness which is set out in this opinion. The judgment of the trial court is affirmed.

Affirmed.

