IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00051-CR

 

Michael Lee Smith,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 8325

 



MEMORANDUM  Opinion










 

        Smith appeals his conviction
for manslaughter.  See Tex. Penal
Code Ann. § 19.04(a) (Vernon 2003).  We affirm.

        In two issues, Smith contends
that the evidence of recklessness was insufficient.  The Texas Penal Code
creates the offense of manslaughter in the following terms:  “A person commits an
offense if he recklessly causes the death of an individual.”  Tex. Penal Code Ann. § 19.04(a). 
“Because manslaughter is a result-oriented offense, the definition of the
culpable mental state is limited to the result of the conduct.”  Perez v.
State, 216 S.W.3d 855, 857 (Tex. App.—Corpus Christi 2006, pet. ref’d). 
Penal Code Section 6.03 describes the culpable mental state of recklessness in
the following terms:

       A person acts recklessly . . .
with respect to . . . the result of his conduct when he is aware of
but consciously disregards a substantial and unjustifiable risk that
. . . the result will occur.  The risk must be of such a nature and
degree that its disregard constitutes a gross deviation from the standard of
care that an ordinary person would exercise under all the circumstances as
viewed from the actor’s standpoint.

Tex. Penal
Code Ann. § 6.03(c) (Vernon
2003).  “[A]t the heart of reckless conduct is conscious disregard of the risk
created by the actor’s conduct[.]”  Williams v. State, 235 S.W.3d 742,
751 (Tex. Crim. App. 2007) (quoting Lewis v. State, 529 S.W.2d 550,
553 (Tex. Crim. App. 1975)) (2nd alteration in orig.).  

[I]n addressing the culpable mental state of
recklessness under section 6.03(c), the factfinder (and a reviewing court) must
examine the defendant’s conduct to determine whether

(1)   the alleged act or omission, viewed
objectively at the time of its commission, created a “substantial and
unjustifiable” risk of the type of harm that occurred;

(2)   that risk was of such a magnitude that
disregard of it constituted a gross deviation from the standard of care that a
reasonable person would have exercised in the same situation (i.e., it involved
an “extreme degree of risk, considering the probability and magnitude of the
potential harm to others”)[;]

(3)   the defendant was consciously aware of that
“substantial and unjustifiable” risk at the time of the conduct; and

(4)   the defendant consciously disregarded that
risk.

Williams, 235 S.W.3d at 755-56 (internal footnotes
omitted) (quoting Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 23 (Tex. 1994)) [(quoting Tex. Penal Code Ann.
§ 6.03(c))]; see Stadt v. State, 182 S.W.3d 360, 364 (Tex. Crim.
App. 2005) (quoting Lewis, 529 S.W.2d at 553).  “Recklessness requires
the defendant to actually foresee the risk involved and to consciously decide
to ignore it.”  Williams at 751.  Recklessness is “a ‘devil may care’ or
‘not giving a damn’ attitude toward the risk.”  Id. at 751-52.  “A
defendant need not be aware of the specific risk of another’s death in order to
commit manslaughter.”  Trepanier v. State, 940 S.W.2d 827, 829 (Tex.
App.—Austin 1997, pet. ref’d); accord In re K.W.G., 953 S.W.2d 483, 487
(Tex. App.—Texarkana 1997, pet. denied) (juvenile adjudication). 

        “[P]roof of a culpable mental
state generally relies on circumstantial evidence.”  Lopez v. State, 630
S.W.2d 936, 942 (Tex. Crim. App. [Panel Op.] 1982) (quoting Dillon v. State,
574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978)); see In re S.S., 167
S.W.3d 108, 111 (Tex. App.—Waco 2005, no pet.) (juvenile adjudication); Gahagan
v. State, No. 01-06-00062-CR, 2007 Tex. App. LEXIS 7842, at *11 (Tex. App.—Houston [1st Dist.] Sept. 27, 2007, no pet.).  “The issue is not one of theoretical
possibility, but one of whether, given all the circumstances, it is reasonable
to infer that the particular individual on trial was in fact aware of the
risk.”  Lopez at 942 (quoting Dillon at 94); see In re E.U.M.,
108 S.W.3d 368, 370 (Tex. App.—Beaumont 2003, no pet.) (juvenile
adjudication).

        Legal Sufficiency.  In
Smith’s first issue, he argues that the evidence was legally insufficient.  

        “In assessing the legal
sufficiency of the evidence . . . , ‘we consider all of
the evidence in the light most favorable to the verdict and determine whether,
based on that evidence and reasonable inferences therefrom, a rational juror
could have found the essential elements of the crime beyond a reasonable
doubt.’”  Williams, 235 S.W.3d at 750 (internal footnote omitted)
(quoting Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); see
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007); cf. Fuller v. State, 73 S.W.3d
250, 253 (Tex. Crim. App. 2002); Gollihar v. State, 46 S.W.3d 243, 257-58
(Tex. Crim. App. 2001); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997).  “‘[C]ourts reviewing all the evidence in a light favorable to the
verdict must assume jurors made all inferences in favor of their verdict if
reasonable minds could, and disregard all other inferences in their legal
sufficiency review.’”  Evans v. State, 202 S.W.3d 158, 165 n.27 (Tex.
Crim. App. 2006) (quoting City of Keller v. Wilson, 168 S.W.3d 802, 821
(Tex. 2005)).  “A ‘legal sufficiency of the evidence review does not involve
any weighing of favorable and non-favorable evidence.’”  Margraves v. State,
34 S.W.3d 912, 917 (Tex. Crim. App. 2000) (quoting Cardenas v. State, 30
S.W.3d 384[, 389] (Tex. Crim. App. 2000)); McIntyre v. State, No.
10-06-00196-CR, 2007 Tex. App. LEXIS 2350, at *2 (Tex. App.—Waco Mar. 21, 2007,
pet ref’d) (not designated for publication) (mem. op.).

        “Under a legal sufficiency
review, ‘our role is not to become a thirteenth juror.  This Court may not
re-evaluate the weight and credibility of the record evidence and thereby
substitute our judgment for that of the fact-finder.’”  Williams, 235
S.W.3d at 750 (quoting Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999)); see Reeves v. State, 145 Tex. Crim. 208, 211, 167
S.W.2d 176, 178 (1942) (op. on orig. submission).  “Thus, reviewing courts give
deference to ‘the responsibility of the trier of fact to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.’”  Williams at 750
(quoting Hooper, 214 S.W.3d at 13) (internal quotation marks
omitted); accord Clewis v. State, 922 S.W.2d 126, 152 (Tex. Crim. App.
1996); see Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  

        The State points primarily to
the following evidence.  The victim, Hilda Hodges, was 83 years of age at the
time of her death and in poor health.  Hodges had an enlarged heart, hardening
of the arteries, and bad knees, and used a walker.  Smith sometimes lived, and
frequently visited Hodges’s granddaughter Gabriael Watkins, in Hodges’s house,
where Watkins lived, and was able to observe Hodges’s condition.  When Smith
repeatedly assaulted Watkins and Watkins’s infant child, Hodges, “cripp[l]ed
. . . over,” attempted to intercede.  (State’s Br. at 3 (quoting 2 R.R. at 210) (alterations added).)  Smith pushed Hodges to the ground
so that her head hit Watkins’s leg.  Hodges was then unconscious, and never
regained consciousness.  The physician who examined Hodges’s body testified
that she died from “cardiac arrest sustained during a physical assault.” 
(Id. at 7 (quoting 3 R.R. at 97) (emphasis added in State’s Br.).)  Concerning Smith’s actions causing Hodges’s death, the physician testified: “When
you feel your life is threatened, it’s a rush of adrenaline.  It’s going to
cause the heart to—to finally stop.”  (Id. at 8 (quoting 3 R.R. at 99).)

        Smith argues generally that
“[t]he State failed to show that Mr. Smith had a ‘reckless’ mental state.”  (Br. at 10.)  Smith’s specific arguments, however, appear to concern causation.[1]  Smith argues:

Here, the contact leading to the allegations was a
“push” that caused the alleged victim to “fall straight back.”  2 RR 196. 
According to [Smith]’s former girlfriend [Watkins], it was at this time that
Ms. Hodges suffered the heart attack.  2 RR 213.  However, medical testimony
showed that it was not the push, but the excitement and fear surrounding the
incident that lead [sic] to the heart attack.  3 RR 99; see 5 RR State’s
Ex. 14.

(Br. at 10-11.) 

        Viewing the evidence in the
light most favorable the verdict, we hold that a rational juror could have
found beyond a reasonable doubt that Smith was aware of the risk to Hodges and
caused her death.  The evidence was legally sufficient.  We overrule Smith’s
first issue.

        Factual Sufficiency.  In
Smith’s second issue, he argues that the evidence was factually insufficient.

        “Evidence may be factually
insufficient if: ‘1) it is so weak’” that the verdict is “‘clearly wrong
and manifestly unjust or 2) the adverse finding is against the great
weight and preponderance of the available evidence.’”  Berry v. State, 233
S.W.3d 847, 854 (Tex. Crim. App. 2007) (quoting Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000)); see Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006).  “[T]he evidence . . . is
factually insufficient if it is so weak that the jury’s verdict seems clearly
wrong and manifestly unjust, or” if, “considering conflicting evidence, the
jury’s verdict, though legally sufficient, is nevertheless against the great
weight and preponderance of the evidence.”  Berry at 854 (citing Watson
at 414-15); see Rollerson v. State, 227 S.W.3d 718, 724 (Tex.
Crim. App. 2007).  “Such a factual sufficiency review requires the reviewing
court to consider all of the evidence.”  Berry at 854 (citing Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006), cert. denied,
128 S. Ct. 87 (2007)).  “[T]he evidence is reviewed in a neutral light rather
than (as in a legal sufficiency review) in the light most favorable to the
verdict.”  Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App.), cert.
denied, 128 S. Ct. 282 (2007) (citing Johnson, 23 S.W.3d at 7).  “A
clearly wrong and unjust verdict occurs where the  jury’s finding is manifestly
unjust, shocks the conscience, or clearly demonstrates bias.”  Berry at
854 (citing Sells v. State, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003));
accord Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  
“[A]n appellate court must first be able to say, with some objective basis in
the record, that the great weight and preponderance of the . . .
evidence contradicts the  jury’s verdict before it is justified in” reversing
for factually insufficient evidence.  Watson at 417 (emphasis in orig.).

        Smith does not point to any
evidence contrary to the verdict.  Smith argues that “the evidence shows that
the heart attack brought on by the excitement of the alleged assault was not
the result of a conscious decision by Mr. Smith to ignore the risk,” and that
“the record fails to establish under factual sufficiency grounds that Mr. Smith
knew or had reasonable cause to apprehend that his actions might endanger the
life of Ms. Hodges.”  (Smith Br. at 12, 13.)  The State adds that Smith pushed
Hodges “[h]ard,” and adds details of the violence of Smith’s assaults on
Watkins and Watkins’s child.  (State Br. at 13 (quoting 2 R.R. at 196); see Br. at 9-13.)  

        Considering all the evidence
in a neutral light, we hold that the jury’s finding that Smith was aware of and
disregarded the risk to Hodges is not clearly wrong or manifestly unjust, and
is not against the great weight and preponderance of the evidence.  The
evidence was factually sufficient.  We overrule Smith’s second issue.

        Conclusion. 
Having overruled Smith’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed February 27, 2008

Do not publish

[CR25]









                [1] The Penal Code describes
causation in the following terms:  “A person is criminally responsible if the
result would not have occurred but for his conduct, operating either alone or
concurrently with another cause, unless the concurrent cause was clearly
sufficient to produce the result and the conduct of the actor clearly
insufficient.”  Tex. Penal Code Ann.
§ 6.04(a) (Vernon 2003).  “An accused may be exonerated under the statute
only if his conduct alone was clearly insufficient to produce the result and
the concurrent cause clearly sufficient, operating alone, to do so.”  Felder
v. State, 848 S.W.2d 85, 90 n.1 (Tex. Crim. App. 1992) (quoting Branch
v. State, 774 S.W.2d 781, 784-85 (Tex. App.—El Paso 1989, pet. ref’d)); see
McFarland v. State, 928 S.W.2d 482, 516 (Tex. Crim. App. 1996).  “[I]t is a
jury, not a reviewing court, that accepts or rejects reasonably equal competing
theories of causation.”  Zuniga v. State, 144 S.W.3d 477, 481 (Tex.
Crim. App. 2004), overruled in part on other grounds, Watson v. State, 204
S.W.3d 404, 415 (Tex. Crim. App. 2006) (Zuniga quoting Goodman v.
State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001)).