# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00229-CR
NO. 03-10-00263-CR
NO. 03-10-00264-CR

**Josh Randall Riley, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NOS. B-08-0552-SB, B-08-0553-SB & B-08-0554-SB
HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Josh Randall Riley of assault on a public servant, unauthorized use of a motor vehicle, and retaliation. *See* Tex. Penal Code Ann. §§ 22.01, 31.07, 36.06 (West 2011). The trial court assessed punishment at 730 days in prison for unauthorized use of a motor vehicle, then found two enhancement allegations to be true and sentenced Riley to two thirty-year sentences for the convictions for assault on a public servant and retaliation; the court set Riley's sentences to run concurrently. In four issues, Riley challenges the sufficiency of the evidence to support his conviction for assault on a public servant, asserting that the evidence is insufficient to prove several allegations set forth in the indictment: (1) that the offense occurred in Tom Green County; (2) that he acted intentionally, knowingly, or recklessly in kicking and breaking a window of a police car; (3) that his actions caused a public servant to suffer bodily injury; and (4) that he kicked and broke the windshield,

rather than the rear window, of the police car. Because we conclude that the evidence is sufficient to support Riley's conviction for assault on a public servant, we affirm the trial court's judgment convicting Riley of that offense. Although Riley appealed all three of his convictions, he raises issues related only to his conviction for assault on a public servant. Because he has not raised any issues regarding his convictions for unauthorized use of a motor vehicle and retaliation, we affirm the trial court's judgments with respect to those convictions.

## BACKGROUND

According to the trial record, on April 8, 2008, Deputy Mark Baker of the Tom Green County Sheriff's Office responded to a call reporting that there was a person driving an all-terrain vehicle ("ATV") on property in West Texas without the property owner's permission. Part of the property was in Tom Green County, and the other part was in neighboring Coke County. When Baker arrived at the entrance to the property, he saw a woman sitting on the ground. She told Baker that she could take him to Riley, who was the person driving the ATV. Deputy Thomas Moriarty of the Tom Green County Sheriff's Office arrived to assist Baker and drove with the woman and Baker to look for Riley. They found Riley seated on the ATV, which had been wrecked. They called to Riley several times, and he eventually responded and walked over to them.

Riley told the deputies that the property was owned by his brother-in-law, Dale Douglas, and another man and that he had permission to be on the property. The deputies looked at the ATV and observed that it had been hot-wired and that there was no key in the ignition. Baker called Douglas and the other owner, both of whom said Riley did not have permission to be on the property or to use the ATV. Baker arrested Riley for unauthorized use of a motor vehicle.

2

Baker testified that after he placed Riley in his patrol car, Riley became agitated and tried to move his handcuffs to the front of his body. Baker told Riley he would put him in leg restraints if he did not stop trying to move his handcuffs, and Riley agreed to cooperate. However, when Baker began driving, Riley moved his handcuffs to the front of his body and started kicking one of the rear windows. Baker stopped the car and was about to open the door that Riley was kicking when the window shattered from the force of Riley's kick. Baker testified that he was standing directly in front of the window when it shattered and that he suffered pain and injury as a result. He testified that he had cuts on his face, nose, forearm, and hand and that the sunglasses he was wearing at the time were badly scratched. At trial, photos were admitted showing scratches to Baker's sunglasses and cuts to Baker's face, nose, thumb, and forearm. Baker and Moriarty testified that Baker bled from the cuts and that Moriarty had to give Baker an alcohol swab to clean them.

After Riley broke the window, Baker and Moriarty moved Riley's handcuffs back behind him, put him in leg restraints, and returned him to the patrol car. Riley continued acting in an agitated manner and began threatening Baker. An audio recording of the incident that was admitted at trial contained the threats made by Riley, some of which included the following: "I'm going to kill your [expletive] ass as soon as I get a chance, all right?" and "Give me that [expletive] gun, all right? Hey, do me a favor, give me that gun right there so I can shoot your [expletive] ass . . . . Just let me shoot your ass in the [expletive] head, all right?" Due to Riley's agitated state, Baker called officers from the jail and asked them to come to his location with a vehicle containing a restraint chair so that they could safely transport Riley to the jail.

Riley was charged with and convicted of unauthorized use of a motor vehicle, assault on a public servant, and retaliation. Riley filed an appeal with respect to all three of his convictions but raises issues pertaining only to his conviction for assault on a public servant.

**DISCUSSION**

The indictment for assault on a public servant in this case alleged that in Tom Green County, Riley intentionally, knowingly, or recklessly caused bodily injury to Deputy Baker by kicking and breaking the windshield of a vehicle, causing the glass to cut Baker. The jury charge asked whether Riley was guilty of assault on a public servant "as charged in the indictment."

Riley challenges the sufficiency of the evidence to support his assault conviction in four issues, asserting that the State failed to prove that: (1) Tom Green County was the proper venue; (2) Riley acted intentionally, knowingly, or recklessly in kicking and breaking a window of Baker's patrol car; (3) Baker suffered bodily injury from the impact of the shattered window; and (4) Riley broke the windshield, rather than the rear window, of Baker's patrol car.

In reviewing the sufficiency of the evidence to support a conviction, we view all evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The trier of fact is the sole judge of the weight and credibility of the evidence, and we may not substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must presume that the factfinder resolved any conflicting inferences in favor of the conviction. *Clayton*, 235 S.W.3d at 778. To prove the offense of assault on a public servant, the State

4

must prove that: (1) the defendant intentionally, knowingly, or recklessly caused bodily injury to a public servant; (2) the defendant knew the other person was a public servant; and (3) the public servant was lawfully discharging his official duties at the time of the assault. Tex. Penal Code Ann. § 22.01(a), (b)(1); *see Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). The State need only prove venue by a preponderance of the evidence, not beyond a reasonable doubt. Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005); *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003); *see also State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd) ("It is presumed that venue was proved at trial unless disputed at trial or the record affirmatively shows the contrary," but if "issue of venue is timely raised, reversible error may result from the failure to prove venue as laid in the charging instrument.").

We address each of Riley's issues in turn.

*Venue*

Riley contends that the State did not offer sufficient evidence to prove that the assault on a public servant occurred in Tom Green County as alleged in the indictment. Riley points out that the property on which he drove the ATV and was apprehended by Deputy Baker spanned both Tom Green County and Coke County, arguing that the State did not prove that the assault occurred on the portion of the property located in Tom Green County.

As part of his argument related to venue, Riley asserts that the county in which the offense occurred is jurisdictional and an essential element of the offense. We disagree. Venue is distinct from jurisdiction and is not a constituent element of the offense charged. *Blankenship*, 170 S.W.3d at 681; *see Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981) ("[v]enue is

5

not a 'criminative fact' and thus, not a constituent element of the offense"). Jurisdiction, on the other hand, is the power of the court to hear and decide the case. *Dears v. State*, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). A trial court can have jurisdiction to hear and determine a case even though venue does not lie in that court. *Fairfield*, 610 S.W.2d at 779; *Thompson v. State*, 244 S.W.3d 357, 365 (Tex. App.—Tyler 2006, pet. dism'd). The issue of venue concerns the geographic location where the case may be tried and is at least in part determined by whether the criminal acts had "substantial contacts" with the location. *Soliz v. State*, 97 S.W.3d 137, 143 (Tex. Crim. App. 2003); *see* Tex. Code Crim. Proc. Ann. art. 13.04 (West 2005) (offense "committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties"); *Blankenship*, 170 S.W.3d at 681 (at common law, venue meant place where injury was declared to have occurred; "prevailing meaning [of venue] is the place of trial, the geographical location in which an action or proceeding should be brought to trial").

The property owners testified that they were unsure whether the location where the car window was shattered was in Tom Green or Coke County. Deputy Baker strongly believed Riley broke the window in Tom Green County but admitted that he could not know that for certain. Baker explained why he believed the assault happened in Tom Green County, saying:

> [W]henever I was looking for the property, given the address, I had driven by it . . . . I had driven all the way to the [Coke] county line and came back [into Tom Green County]. And in relation to me from what I could tell from whenever I entered that ranch, I had not gone as far north again to have crossed the Coke County line.

Although Riley moved to strike Baker's testimony that he believed Riley shattered the window in Tom Green County, the trial court denied the motion, stating it believed the testimony raised a fact issue on

6

venue. By its verdict, the jury concluded that the shattering of the window occurred in Tom Green County. Based on this record, we hold that the jury had sufficient evidence to find by a preponderance of the evidence that Riley broke the window in Tom Green County. *See* Tex. Code Crim. Proc. Ann. art. 13.17; *Murphy*, 112 S.W.3d at 604. We overrule Riley's first issue.

### *Intent*

In his second issue, Riley asserts that the evidence was insufficient to prove that he "intentionally, knowingly, or recklessly" caused bodily injury to Deputy Baker when he kicked and broke the patrol-car window. *See* Tex. Penal Code Ann. § 22.01(a)(1).

On appeal, Riley contends that the evidence was insufficient to prove that he acted intentionally, knowingly, or recklessly in causing bodily injury to Baker because the evidence showed that he had already started kicking the window before Baker was standing in front of it and that Baker believed (as evidenced by a description of the event that he gave to another officer) that Riley kicked the window because he was trying to get out of the car, not because he was trying to injure Baker. We are unpersuaded by Riley's arguments. For one thing, Riley does not cite, nor have we found, any legal authority supporting the arguments. Further, the evidence is sufficient, at the very least, to prove that Riley acted recklessly in breaking the patrol-car window.

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex. Penal Code Ann. § 6.03(c) (West 2011). Reckless conduct has, at its heart, "'conscious disregard of the risk created by the actor's conduct.'" *Williams v. State*, 235 S.W.3d 742, 751 (Tex. Crim. App. 2007) (quoting *Lewis v. State*,

7

529 S.W.2d 550, 553 (Tex. Crim. App. 1975)). "Recklessness requires the defendant to actually foresee the risk involved and to consciously decide to ignore it." *Id*. Culpable mental state is generally proven by circumstantial evidence. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Pitonyak v. State*, 253 S.W.3d 834, 844 (Tex. App.—Austin 2008, pet. ref'd). To determine culpability for an offense, a jury may consider events occurring before, during, and after the offense. *Pitonyak*, 253 S.W.3d at 844.

In this case, Deputy Baker testified that Riley became "very agitated" and increasingly hostile after Baker handcuffed him and placed him in the patrol car; the audio recording of Riley's arrest and transport corroborated Baker's testimony. On the tape, Baker warned Riley not to try to kick the window, saying, "[I]f you try to get out of the handcuffs in my car, if you lay over and you try to kick my windows, I will [put leg restraints on] you. Do you understand that?" Riley replied, "Yeah, I understand." After that exchange, Baker began driving, and Riley moved his handcuffs to the front of his body and began kicking the rear window of the car. Baker stopped the car, got out, and was about to open the door when the window shattered, causing pieces of glass to hit Baker in the face and arms. On the audio tape, Baker can be heard explaining the incident to another officer, saying, "[Riley] was trying to get out. He kicked the window out, the shards hit me in the face, cutting me across the face." After Riley broke the window, Baker and Moriarty moved Riley's handcuffs back behind him, put him in leg restraints, and placed him back in the patrol car.

Considering the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to establish that Riley recklessly caused bodily injury to Baker. The events that occurred before, during, and after Riley shattered the window—specifically, Baker's warning that he would stop the car to put Riley in leg restraints if Riley kicked the window, Riley's decision to do

8

exactly what he was warned not to, and Riley's continuing to kick the window even though he knew Baker had stopped the car and would likely open the door to put him in leg restraints—could have led a rational juror to conclude that Riley was aware of but consciously disregarded a substantial and unjustifiable risk that his conduct would result in harm to Baker.[1] *See* Tex. Penal Code Ann. § 6.03(c); *Pitonyak*, 253 S.W.3d at 844. We overrule Riley's second issue.

### *Bodily Injury*

In his third issue, Riley contends that the evidence was insufficient to prove that Baker suffered bodily injury as a result of being struck by the shattered glass because Baker was not seriously injured and was physically able to continue his job duties. Riley cites to no legal authority in support of his argument. "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *See* Tex. Penal Code Ann. § 1.07(a)(8) (West 2011). The definition of bodily injury is broad and "encompasses even relatively minor physical contact if it constitutes more than offensive touching." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). "Direct evidence that a victim suffered pain is sufficient to show bodily injury." *Id.* Consequently, a victim's testimony that someone caused him physical pain by touching him is enough to satisfy the "bodily injury" element of a crime. *See Lewis v. State*, 530 S.W.2d 117, 118 (Tex. Crim. App. 1975); *Letson v. State*, 805 S.W.2d 801, 806-07 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

---

[1] We also note there was substantial evidence of Riley's hostility toward Baker. Riley called Baker derogatory names, used foul language, and threatened Baker, saying, among other threats, "I'm going to kill your [expletive] ass as soon as I get a chance, all right?" That evidence could arguably support a conclusion by the jury that Riley acted intentionally or knowingly in kicking the window in an attempt to harm Baker. However, because the evidence is sufficient to support a finding of recklessness, we need not fully consider that issue.

9

Riley testified that he was standing directly in front of the window when it shattered and that he suffered pain and injury when the glass shards struck him. He testified that he had cuts on his face, nose, forearm, and hand. At trial, photos were admitted showing scratches to Baker's sunglasses and cuts to Baker's face, nose, thumb, and forearm. Baker and Moriarty testified that Baker bled from the cuts and that Moriarty had to give Baker an alcohol swab to clean them. The audio recording from the incident corroborated their testimony. Specifically, on the recording, Baker and Moriarty commented on the cuts to Baker's nose, the blood coming from the cuts, and Baker's use of an alcohol swab to clean the affected area.

Viewing the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence to satisfy the "bodily injury" element of the offense of assault on a public servant. Baker's testimony that he felt pain as a result of the glass hitting him was sufficient to show bodily injury. *See Laster*, 275 S.W.3d at 524. The State also presented evidence that Baker suffered cuts on his face and body, which is sufficient to show bodily injury. *See Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (evidence of cut on arm sufficient to show bodily injury); *Arzaga v. State*, 86 S.W.3d 767, 778-79 (Tex. App.—El Paso 2002, no pet.) (evidence of swelling of and abrasion to victim's lip sufficient to show bodily injury). Accordingly, the evidence is sufficient to establish bodily injury. We overrule Riley's third issue.

### Allegation Regarding Broken Window

In his final issue, Riley argues that the evidence was insufficient to prove that he broke the *windshield* of Baker's patrol car as alleged in the indictment because the State proved only that he

broke the car's *rear window*. The State concedes that there was a variance between the indictment's allegations and the proof at trial but asserts that the variance was immaterial. We agree.

"A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance situation arises when the State proves the defendant guilty of a crime but the evidence shows the crime was committed in a manner that differs from the indictment's allegations. *Id*. An immaterial variance may generally be disregarded. *Id*. at 249-50, 257 (overruling surplusage rule and reaffirming fatal-variance rule). A variance is material only if it prejudices a defendant's substantial rights. *Id*. at 247-48, 257. A variance prejudices a defendant's substantial rights if (1) the indictment does not inform him of the charged crime so as to allow him to prepare an adequate defense or (2) the indictment would subject him to the risk of a later prosecution for the same crime. *Id*. at 257 (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

The record demonstrates that the indictment gave Riley adequate notice to allow him to prepare his defense. At no time during trial did Riley deny kicking and breaking the rear window of Baker's patrol car. Rather, he argued only that when he kicked and broke the window, he was not in Tom Green County, did not intend to cause bodily injury to Baker, and did not in fact cause bodily injury to Baker. Thus, his defense did not depend upon which of the windows he kicked, nor does he assert on appeal that he was surprised or that the preparation of his defense was impaired because of the erroneous identification. Rather, he argues only that the State presented no evidence that he broke the windshield. Based on this record, including Riley's concession that he broke the rear window, we conclude that he would not have been surprised or misled when presented with an indictment erroneously identifying a different window of the car. *See id.* at 257.

11

Further, there is no risk that Riley could be prosecuted again for kicking and breaking the window that was described in the indictment. The entire record is examined for double-jeopardy purposes, not just the indictment, *see id*. at 258, and the record is clear that the window Riley kicked and broke was the rear window of the patrol car, not the windshield.

Because Riley's substantial rights were not prejudiced, the variance between the indictment and the proof at trial was immaterial. *See id*. at 257. We overrule his fourth issue.

## CONCLUSION

Having overruled all of Riley's issues on appeal, we affirm the trial court's judgment convicting him of assault on a public servant. Because Riley did not raise any issues regarding his convictions for unauthorized use of a motor vehicle and retaliation, we affirm the trial court's judgments convicting him of those offenses.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: November 4, 2011

Do Not Publish

12