PD-0059-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/25/2015 12:57:35 AM
Accepted 2/26/2015 4:18:44 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

---

## PD-0059-15
## PD-0060-15

---

# *Matthew James Ayers, Appellant,*
# *v.*
# *State of Texas, Appellee.*

---

**On Discretionary Review from
No. 05-13-01068-CR & 05-13-01069-CR
Fifth Court of Appeals, Dallas**

**On Appeal from No. F03-01252 & F03-01253
Criminal District Court No. 4, Dallas County**

---

# Petition for Discretionary Review

**Michael Mowla
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

February 26, 2015

ABEL ACOSTA, CLERK

*ORAL ARGUMENT NOT REQUESTED*

## I. Identity of Parties, Counsel, and Judges

**Mathew James Ayers, Appellant**

**Michael Mowla, attorney for Appellant on appeal and on discretionary review**, 445 E. FM 1382 #3-718, Cedar Hill, Texas 75104, phone 972-795-2401, fax 972-692-6636, email michael@mowlalaw.com.

**Vic Sasso, Attorney for Appellant at Trial (January 20, 2004 proceeding)**, 6440 N. Central Expressway Suite 309, Dallas, Texas 75206, phone (214) 265-5547.

**Peter Barrett, Attorney for Appellant at Trial (July 26, 2013 proceeding)**, 3500 Maple Avenue Suite 400, Dallas, Texas 75219, phone (214) 526-0555.

**Phillip Robertson, Attorney for Appellant at Trial (October 10, 2013 proceeding)**, 6116 N. Central Expressway Suite 500, Dallas, Texas 75206, phone (214) 214-891-9999.

**Ezekiel Tyson, Attorney for Appellant at Trial (October 10, 2013 proceeding)**, 342 W. Montana Avenue, Dallas, Texas 75224, phone (214) 942-9000.

**State of Texas, Appellee**

**Susan Hawk, Dallas County District Attorney, attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone 214-653-3600, fax 214-653-3643.

**Lori Ordiway, Dallas County Assistant District Attorney, attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone 214-653-3600, fax 214-653-3643, email lori.ordiway@dallascounty.org.

**Lisa Smith, Dallas County Assistant District Attorney, attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207, phone (214) 653-3600, fax (214) 653-3643, email lisa.smith@dallascounty.org

**Sam Moss, Dallas County Assistant District Attorney (January 20, 2004 proceeding), attorney for State of Texas**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone (214) 653-3600, fax (214) 653-3643.

**Justin Lord, Dallas County Assistant District Attorney, attorney for State of Texas (July 26, 2013 proceeding)**, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207-4399, phone (214) 653-3600, fax (214) 653-3643.

**Hon. Dominique Collins, Presiding Judge of Criminal District Court No. 4,** 133 N. Riverfront Blvd., Dallas, Texas 75207-4399, phone (214) 653-5930.

**Justices Michael O'Neill, Elizabeth Lang-Miers, and Ada Brown**, Fifth Court of Appeals, 600 Commerce, Suite 200, Dallas, Texas 75202, phone 214-712-3400.

## II. Table of Contents

I. Identity of Parties, Counsel, and Judges.........................................................2

II. Table of Contents...............................................................................................4

III. Table of Authorities ........................................................................................5

IV. Appendix Index ...............................................................................................7

V. Statement Regarding Oral Argument .............................................................8

VI. Statement of the Case and Procedural History .............................................9

VII. Grounds for Review........................................................................................11

VIII. Argument ........................................................................................................12

   **1.** Ground for Review One: The Court of Appeals erred because it should have set aside the conviction for Manslaughter. Contrary to Texas Code of Criminal Procedure Article 1.15, there was insufficient evidence to support his plea of guilty to Manslaughter because the evidence showed Appellant was in fact guilty of the more specific offense of intoxication manslaughter.................................................................................12

      **i.** Argument..........................................................................................12

      **ii.** Conclusion......................................................................................21

   **2.** Ground for Review Two: The Court of Appeals erred when it ruled that Appellant was not entitled to credit against his sentence for the time he spent imprisoned in connection with the judgments in cause numbers F02-43341 and F03-43466. The Court of Appeals should have credited Appellant for that time as though he had been simultaneously confined for all offenses arising out of the same criminal episode and for which Appellant had been prosecuted in a single criminal action. ..........................22

      **i.** Argument..........................................................................................22

      **ii.** Conclusion......................................................................................29

IX. Conclusion and Prayer....................................................................................29

X. Certificate of Service ......................................................................................30

XI. Certificate of Compliance with Tex. Rule App. Proc. 9.4 ...........................31

## III. Table of Authorities

**Cases**

*Ayers v. State*, 05-13-01068-CR & 05-13-01069-CR, 2014 Tex. App. LEXIS 13977 (Tex. App. Dallas, December 31, 2014) (memorandum opinion) ................................................................ 9, 11, 13, 22

*Bowden v. State*, 166 S.W.3d 466 (Tex. App. Fort Worth 2005) ............................15

*Collins v. State*, 240 S.W.3d 925 (Tex. Crim. App. 2007) ......................................28

*Dinnery v. State*, 592 S.W.2d 343, 346-348 (Tex. Crim. App. 1979) .............. 14, 20

*Hesskew v. Tex. Dep. of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App. Tyler 2004, *no pet.*) ........................................................................16

*Hogans v. State*, 176 S.W.3d 829 (Tex. Crim. App. 2005) ....................................17

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) .........................................18

*LaPorte v. State*, 840 S.W.2d 412 (Tex. Crim. App. 1992) ....................................26

*Lewis v. State*, 529 S.W.2d 550 (Tex. Crim. App. 1975) ........................................16

*Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999) .....................................21

*Mireles v. State*, 444 S.W.3d 679 (Tex. App. Houston [14th Dist.] 2014) ........................................................................................26

*Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001) ....................................... 12, 20

*parte Griffith*, 457 S.W.2d 60 (Tex. Crim. App. 1970) ..........................................28

*State v. Crook,* 248 S.W.3d 172 (Tex. Crim. App. 2008) ........................................27

*State v. McCoy*, 64 S.W.3d 90 (Tex. App. Austin 2001, *no pet.*) ...........................18

*Thornton v. State*, 601 S.W.2d 340 (Tex. Crim. App. 1980) ...................................20

*White v. State*, 05-12-00815-CR, 2013 Tex. App. LEXIS 4108, 2013 WL 1319387 (Tex. App. Dallas, March 29, 2013) (not designated for publication) ..................................................................14

*Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013) ........................................20

*Williams v. State*, 235 S.W.3d 742 (Tex. Crim. App. 2007) ...................................18

*Williams v. State*, 641 S.W.2d 236 (Tex. Crim. App. 1982) ...................................19

**Statutes**

Tex. Code Crim. Proc. Art. 1.15 (2013) ......................................................... 13, 17

Tex. Code Crim. Proc. Art. 37.07 (2013) .................................................17

Tex. Code Crim. Proc. Art. 42.01 (2013) .................................................23

Tex. Code Crim. Proc. Art. 42.03 (2013) .................................................24

Tex. Code Crim. Proc. Art. 42.12 (2013) ........................................... 17, 21

Tex. Pen. Code § 12.33 (2013) ...............................................................28

Tex. Pen. Code § 19.04 (2013) ..................................................... 10, 19, 28

Tex. Pen. Code § 22.02 (2013) .......................................................... 10, 28

Tex. Pen. Code § 3.02 (2013) .................................................................25

Tex. Pen. Code § 3.03 (2013) .................................................................25

Tex. Pen. Code § 6.03 (2013) ........................................................... 15, 16

**Rules**

Tex. Rule App. Proc. 66.3 (2015)...................................................... 22, 29

Tex. Rule App. Proc. 68.11 (2015) ..........................................................30

Tex. Rule App. Proc. 68.4 (2015) ........................................................ 8, 12

Tex. Rule App. Proc. 9.4 (2015) ............................................................31

Tex. Rule App. Proc. 9.5 (2015) ............................................................30

**Constitutional Provisions**

U.S. Const. Amend. XIV ........................................................................28

**IV. Appendix Index**

**Appendix 1:** *Ayers v. State*, 05-13-01068-CR & 05-13-01069-CR, 2014 Tex. App. LEXIS 13977 (Tex. App. Dallas, December 31, 2014) (memorandum opinion)

## V. Statement Regarding Oral Argument

Appellant does not request oral argument. *See* Tex. Rule App. Proc. 68.4(c) (2015). Appellant believes that the facts and legal arguments are adequately presented in this petition. However, should this Court determine that its decisional process will be significantly aided by oral argument, Appellant will be honored to present oral argument.

**To The Honorable Judges of the Court of Criminal Appeals:**

Appellant Mathew James Ayers respectfully submits this petition for discretionary review:

**VI. Statement of the Case and Procedural History**

This petition for discretionary review requests that this Court review the *Memorandum Opinion* and judgment of the Fifth Court of Appeals in *Ayers v. State*, 05-13-01068-CR & 05-13-01069-CR, 2014 Tex. App. LEXIS 13977 (Tex. App. Dallas, December 31, 2014) (memorandum opinion) (*See* Appendix 1). This opinion affirmed two *Judgments Adjudicating Guilt* and sentences from Criminal District Court Number 4 of Dallas County, Texas. (CR-1068, 53-56; CR-1069, 68-71).[1]

Court of Appeals cause number 05-13-01068-CR is appealed from trial court cause number F03-01252, under which Appellant was convicted of Aggravated Assault with a Deadly Weapon. (CR-1068, 53-56); *See* Tex. Pen. Code § 22.02 (2013). Appellant was indicted on July 23, 2003 for Aggravated Assault with a Deadly Weapon. (CR-1068, 43-44). On January 20, 2004, Appellant was placed on deferred adjudication community supervision for a period of ten years. (CR-

---

[1] The Clerk's Record (two volumes) is referenced as follows: Court of Appeals Cause Number 05-13-01068-CR is referenced as "CR-1068" followed by the page number, and Cause Number 05-13-01069-CR is referenced as "CR-1069" followed by the page number. The Reporter's Record (five volumes) is referenced as "RR" followed by the volume number and page number or exhibit number.

1068, 19-21).  On July 26, 2013, under the *Judgment Adjudicating Guilt*, the trial court sentenced Appellant to 20 years to the Texas Department of Criminal Justice, Institutional Division.  (CR-1068, 53-56).

Court of Appeals cause number 05-13-01069-CR is appealed from trial court cause number F03-01253, under which Appellant was convicted of Manslaughter.  (CR-1069, 68-70); *See* Tex. Pen. Code § 19.04 (2013).  Appellant was indicted on July 23, 2003.  (CR-1069, 58-59).  On January 20, 2004, Appellant was placed on deferred adjudication community supervision for a period of ten years.  (CR-1069, 19-21).  On July 26, 2013, under the *Judgment Adjudicating Guilt*, the trial court sentenced Appellant to 20 years to the Texas Department of Criminal Justice, Institutional Division.  (CR-1069, 68-69).

Appellant appealed the *Judgments Adjudicating Guilt* and sentences to the Court of Appeals.  On December 31, 2014, the Fifth Court of Appeals affirmed both judgments and sentences. *Ayers*, *Id*. at *8.  This petition for discretionary review follows.

## VII. Grounds for Review

**Ground for Review One:** The Court of Appeals erred because it should have set aside the conviction for Manslaughter. Contrary to Texas Code of Criminal Procedure Article 1.15, there was insufficient evidence to support his plea of guilty to Manslaughter because the evidence showed Appellant was in fact guilty of the more specific offense of intoxication manslaughter.

**Ground for Review Two:** The Court of Appeals erred when it ruled that Appellant was not entitled to credit against his sentence for the time he spent imprisoned in connection with the judgments in cause numbers F02-43341 and F03-43466. The Court of Appeals should have credited Appellant for that time as though he had been simultaneously confined for all offenses arising out of the same criminal episode and for which Appellant had been prosecuted in a single criminal action.

The relevant pages of the record are:

Clerk's Record: CR-1068: 43-44, 48, 53-56; CR-1069: 19-21, 57-59, 63, 68-71.

Reporter's Record: RR2; RR3, 5-25, 31-33, 43-71, 95-104, 123; RR5, SX-6, SX-18. *See* Tex. Rule App. Proc. 68.4(f) (2015).

**VIII. Argument**

1. <u>**Ground for Review One**</u>**: The Court of Appeals erred because it should have set aside the conviction for Manslaughter. Contrary to Texas Code of Criminal Procedure Article 1.15, there was insufficient evidence to support his plea of guilty to Manslaughter because the evidence showed Appellant was in fact guilty of the more specific offense of intoxication manslaughter.**

   i. **Argument**

The Court of Appeals misinterprets *Nix v. State*, 65 S.W.3d 664, 667-668 (Tex. Crim. App. 2001). In the opinion, the Court correctly states that in Nix, this Court held that for a judgment to be void, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence. *Ayers*, *Id.* at *4. And because Appellant "not only pleaded guilty to manslaughter, he also judicially confessed to (Manslaughter)...Appellant's conviction was not void. *Id.*

In arriving at its decision, the Court of Appeals held that merely because Appellant pleaded guilty to Manslaughter, although the facts do not support a conviction for Manslaughter, this is "some evidence" that he is guilty of Manslaughter. The Court of Appeals erred in this regard. As set forth in the only evidence offered by the State to "support" Appellant's guilty plea, Appellant's supposed "reckless" conduct was particularly described as follows:

> "...operating and driving a motor vehicle, a deadly weapon, and traveling in excess of the posted speed limit and at a speed greater than was reasonable and prudent under the existing circumstances and [failing] to stop for a traffic control device causing said motor vehicle

operated by defendant to strike and collide with and against a motor vehicle occupied by said complainant."

This confusing statement failed to admit the commission of the offense of Manslaughter and was therefore insufficient to meet the State's burden under Texas Code of Criminal Procedure Article 1.15. *See* Tex. Code Crim. Proc. Art. 1.15 (2013). Article 1.15 provides in relevant part as follows:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, **unless the defendant, upon entering a plea...it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.**

*Id*. (emphasis added); *See Dinnery v. State*, 592 S.W.2d 343, 346-348 (Tex. Crim. App. 1979) (This Court set aside the defendant's conviction for burglary of a habitation because although the defendant admitted he entered a habitable dwelling with the intent to commit theft, under Texas Code of Criminal Procedure Article 1.15, the State still had to introduce evidence of the defendant's guilt, and there was no evidence that a theft occurred). And, as Appellant argued in his Brief to the Court of Appeals, in *White v. State*, 05-12-00815-CR, 2013 Tex. App. LEXIS 4108, 2013 WL 1319387 (Tex. App. Dallas, March 29, 2013) (not designated for publication), the appellant pleaded guilty to Burglary of a Habitation. *Id*. at *1. The State filed a motion to adjudicate guilt, and after finding the appellant guilty,

the trial court assessed punishment at twenty years in prison for Burglary of Habitation. *Id*. However, the appellant argued on appeal that his sentence is void because the evidence supported a conviction for Burglary of a Building, a state jail felony with a punishment range of "not more than two years or less than 180 days," and not Burglary of a Habitation, which carries a punishment range of two to twenty years in prison. *Id*. at *2. Because the appellant was assessed punishment at twenty years in prison, the term was outside the range of punishment for Burglary of a Building. *Id*. The Fifth Court of Appeals agreed, and modified the judgment to reflect that the appellant was convicted only of Burglary of a Building, which was the offense he actually committed. *Id*.

In the case before this Court, the facts admitted do **not** show: (1) that the death at issue would not have occurred but-for Appellant's conduct, operating either alone or concurrently with another cause, as required by Texas Penal Code § 6.04(a); or (2) that Appellant was aware of, but consciously disregarded a substantial and unjustifiable risk that a death would occur. The Court of Appeals therefore wrongly concluded that Appellant "judicially confessed to" having committed Manslaughter or that Appellant's guilty plea was supported as required by law. At most, he confessed to Intoxication Manslaughter, if that.

As Appellant argued, reckless conduct requires a person to consciously disregard a *substantial and unjustifiable risk* that certain circumstances exist or the

result will occur. Tex. Pen. Code § 6.03(c) (2013) (emphasis added). This risk must be of such a nature and degree that its disregard constitutes a *gross deviation* from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the person's standpoint. *Id*.; *See Bowden v. State*, 166 S.W.3d 466, 473-478 (Tex. App. Fort Worth 2005) [The defendant acted recklessly because leaving seven-and-eight-year-old girls alone to sleep alone in a room with a blocked window, a burning candle, and in a house that had no means of extinguishing a fire, and had only one door was a gross deviation from the standard of care provided by Tex. Pen. Code § 6.03(c)]. The underlying basis of reckless conduct is a conscious disregard of the risk created by the defendant's conduct. *See Lewis v. State*, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975). As this Court held, reckless conduct involves:

> conscious risk creation, that is, the actor is aware of the risk surrounding his conduct or the results thereof, but consciously disregards that risk...Criminal negligence...involves inattentive risk creation, that is, the actor ought to be aware of the risk surrounding his conduct or the results thereof. At the heart of reckless conduct is conscious disregard of the risk created by the actor's conduct; the key to criminal negligence is found in the failure of the actor to perceive the risk.

*See Lewis*, 529 S.W.2d at 553.

And as Appellant argued, driving "recklessly" is not the same as driving at an "unsafe speed." Driving at an "unsafe speed" can mean driving "at a speed greater than is reasonable and prudent under the circumstances then existing" and

may also mean driving at a speed in excess of the speed limit. Tex. Transp. Code § 545.352(a) (2013). And driving "at a speed in excess of the speed limit is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful," but does not mean that the driving is "reckless." *Id*. "Unsafe speed" can mean traveling as high as 15 miles per hour over the speed limit. *See, e.g.*, *Hesskew v. Tex. Dep. of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App. Tyler 2004, *no pet.*) (Traveling 50 miles per hour in a 35-mile-per-hour is considered to be an "unsafe speed.").

Although there was additional evidence concerning the offense offered at the hearing of the motion to adjudicate, this was admitted for purposes of assessing the punishment, and this additional evidence still did not support a conviction for Manslaughter. (RR3, 43-54); *See* Tex. Code Crim. Proc. Art. 37.07 § 3(a)(1) (2013) (Regardless of the plea and whether punishment is assessed by the judge or the jury, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing). The initial part of such hearing is "limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." Tex. Code Crim. Proc. Art. 42.12 § 5(b) (2013). This is not an opportunity for the State to augment its proof of guilt or cure procedural errors that occurred before further proceedings were deferred. It is the evidence adduced for the court before the plea is accepted that must serve "as the basis for

its judgment." *See* Tex. Code Crim. Proc. Art. 1.15 (2013). Punishment phase evidence is not relevant to the determination or issue involved in what has been called the "first phase." *See Hogans v. State*, 176 S.W.3d 829, 833 (Tex. Crim. App. 2005) ("The defendant is entitled to a punishment hearing" that should occur "after the adjudication of guilt"). The fact that the scope of an appeal from a deferred adjudication revocation proceeding was broadened in 2007 does not affect the need for a separate adjudication phase.

The conduct admitted was: driving and operating a motor vehicle, failing to stop for a traffic control device, and causing the vehicle to strike and collide with and against another vehicle occupied by "said complainant," presumably because of the failure to stop. The "said complainant" was not identified nor was how such occupancy led to the death of Sandra Escamilla explained. Neither did the stipulation explain how Appellant would have been aware of: (1) the traffic control device; or (2) why Appellant's failure to stop would create a substantial and unjustifiable risk of injury to Sandra Escamilla. Yet, such facts were critical to a decision about the truth of the fundamental allegation (that Appellant *recklessly* caused Escamilla's death). *See State v. McCoy*, 64 S.W.3d 90, 93 (Tex. App. Austin 2001, *no pet.*) (State must prove why "conduct was committed recklessly")

A reviewing court could not accept a plea without such proof. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (A reviewing court must

"ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged. If the evidence establishes precisely what the State has alleged, but the acts that the State has alleged do not constitute [the charged] criminal offense under the totality of the circumstances, then that evidence, as a matter of law, cannot support a conviction."). Further, "[T]he cumulative force of all the incriminating circumstances" must support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A proper description would have stated: "by causing the vehicle he was driving to enter a controlled intersection when it was unsafe to do so and such entry or attempt to pass through the intersection was prohibited by a red stop light that he was required and expected to observe and honor, thereby causing his vehicle to violently collide with another vehicle then lawfully passing through the intersection with the right of way, which resulted in the death of Sandra Escamilla, who was travelling in the other vehicle, due to the trauma to her body occurring during the collision." Perhaps in support of the allegation that Appellant was reckless, the stipulation further stated that Appellant drove and operated his vehicle while intoxicated (i.e., without normal use of his mental and physical faculties by reason of introduction of various things into his body). The intoxication of one person, however, does not in itself cause the death of another. Therefore, this part of the stipulation merely concerned a circumstance surrounding the conduct. It was

unnecessary to the theory that Appellant committed Manslaughter, yet effectively served to show that he had committed the distinct offense defined by Texas Penal Code § 49.08. This is important because a defendant is entitled to be charged only under the statute that most particularly describes his conduct. *Williams v. State*, 641 S.W.2d 236, 238 (Tex. Crim. App. 1982). For that reason as well, the trial court should not have accepted this as proof of guilt under Texas Penal Code § 19.04.

A conviction is void when based on a guilty plea that is not properly supported by evidence. *Thornton v. State*, 601 S.W.2d 340, 343 (Tex. Crim. App. 1980) ("admissions of the appellant in his judicial confession will not support a conviction based upon the [different] offense charged in the indictment"); *Dinnery*, 592 S.W.2d at 350-351.

Notice must be taken of the fact that this Court has sought to create a rule of waiver where this type of error is not brought to the attention of the trial court at the time it hears a motion to adjudicate. *Nix*, 65 S.W.3d at 670 n.26; *Wiley v. State*, 410 S.W.3d 313, 320-321 (Tex. Crim. App. 2013) [finding that failure to appeal from "regular" community supervision order precluded any subsequent consideration of sufficiency of evidence to support an order under Tex. Code Crim. Proc. Art. 26.05(g)]. However, prior to the hearing on the State's *Motions to Proceed with Adjudication of Guilt*, Appellant's trial attorney filed a "Motion to

Dismiss Motion to Adjudicate," alleging that the sentences for deferred adjudication community supervision are a violation of the Texas Code of Criminal Procedure, and are in violation of the Sixth and Fourteenth Amendments to the United States Constitution. (CR-1068, 48; CR-1069, 63). Appellant urged this motion at the hearing on the State's Motions to Proceed with Adjudication of Guilt held on July 26, 2013, and the trial court denied the motions. (RR3, 6). Thus, this issue is preserved for appellate review.

And even had Appellant's trial counsel not filed this motion, the majority's rationale in *Nix* appears to ignore the provision of the statute that "all proceedings...including...defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Art. 42.12 § 5(b) (2013).

Moreover, the decision in *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999) did not purport to change the holding in *Thornton*. Here, the trial court should never have accepted Appellant's plea of guilty and, in fact, was prohibited by law from doing so. This, in turn, prevented the trial court from making a finding of guilt based on the plea at any time. The impropriety was not cured by the passage of time or the fact that, rather than appeal in 2004, Appellant elected to try to get the indictment dismissed with prejudice by agreeing to the terms of community supervision.

### ii. Conclusion

The Court of Appeals erred because it should have set aside the conviction for Manslaughter. Contrary to Texas Code of Criminal Procedure Article 1.15, there was insufficient evidence to support his plea of guilty of Manslaughter because the evidence showed Appellant was in fact guilty of the more specific offense of Intoxication Manslaughter. As a result, (1) the decision of the Court of Appeals decision conflicts with the decision of another court of appeals on the same issue; and (2) the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. *See* Tex. Rule App. Proc. 66.3 (2015). Appellant asks this Court to grant discretionary review.

2. **Ground for Review Two: The Court of Appeals erred when it ruled that Appellant was not entitled to credit against his sentence for the time he spent imprisoned in connection with the judgments in cause numbers F02-43341 and F03-43466. The Court of Appeals should have credited Appellant for that time as though he had been simultaneously confined for all offenses arising out of the same criminal episode and for which Appellant had been prosecuted in a single criminal action.**

   i. **Argument**

In formulating his arguments on appeal, Appellant became concerned about the amount of credit the trial court's judgment reflected that he had earned against his sentence by reason of the time he had already been incarcerated. But in its opinion, the Court of Appeals "splits hairs" by differentiating between "same criminal episode" and "the case." *Ayers, Id. at* *7-8. As the Court of Appeals held, "[W]e note that throughout this issue appellant suggests he was entitled to credit because the failure to stop and render aid cases arose out of the "same criminal episode" as the manslaughter and aggravated assault cases. But article 42.03 § 2(a)(1) requires credit for time served for 'the case,' not for offenses arising out of the same criminal episode." However, the Court of Appeals provides no solid authority to support its conclusion that Appellant is not entitled to credit against his sentence for the time he spent imprisoned in connection with the judgments in cause numbers F02-43341 and F03-43466. As the following arguments will show, the Court of Appeals should have credited Appellant for that time as though he had been simultaneously confined for all offenses arising out of

the same criminal episode and for which Appellant had been prosecuted in a single criminal action.

The judgment was required to state the amount of "credit for time served" that was due. Tex. Code Crim. Proc. Art. 42.01 § 1(18) (2013). Yet, it failed to incorporate or recognize most of the time, which by the time sentence was set and imposed, Appellant had been confined under the judgments in cause numbers F02-43341 and F03-43466 (the failure to stop and render aid cases). Appellant thus asked the Court of Appeals to make the necessary changes to this portion of the *Judgments Adjudicating Guilt* and sentences.

This area of the law is muddled. Under the usual circumstances, even where someone is arrested and held in custody on multiple charges, once sentence is pronounced, the court merely looks to see how much time (subject to certain exceptions) the defendant has spent "in jail for the case" since he was first arrested and the same amount of credit is awarded in each case. Tex. Code Crim. Proc. Art. 42.03 § 2(a)(1) (2013). But, the meaning of "the case" can become ambiguous. Its meaning is potentially unclear here for two reasons. Appellant's four cases were melded into one, yet final disposition of (and particularly sentencing for) the aggravated assault charge was temporally separated from another portion of the proceedings. Furthermore, because Appellant was released *from jail* (but

transferred to custody elsewhere), the Court of Appeals likely further confused what the judgment should have provided about time credits.

Arguably, because the records of TDCJ will reflect the period of time Appellant was required to serve after January 20, 2004, even though under a different judgment and cause number and before sentence was imposed in the instant case, there was no need to address this in the trial court's judgment. TDCJ is the entity required and able to make the necessary *postjudgment* time credit calculations. But, if for no other reason than because the Court of Appeals determined to address the issue, it must now be dealt with here. Perhaps that is fortunate because it is a matter that has not been, but should be settled by this Court and is important to the jurisprudence of the State, as it will be involved in like cases in the future.

So, if this Court should determine that Appellant was properly adjudged guilty of Aggravated Assault and Manslaughter, it should consider whether the Court of Appeals erred in opining that Appellant is not entitled to receive credit against his 20-year sentence for the time he had already spent in prison as a result of his conduct on December 6, 2002, but before being sentenced for Aggravated Assault and Manslaughter.

This is because the record of the January 20, 2004 hearing (RR2) establishes that under Texas Penal Code § 3.02, Appellant was prosecuted for more than one

offense arising out of the same criminal episode *in a single criminal action. See* Tex. Pen. Code § 3.02(a) (2013). Since none of the exceptions stated in Texas Penal Code § 3.03(b) apply, once the court found Appellant guilty of Aggravated Assault and Manslaughter, it was required to pronounce that the sentence for that offense would run concurrently with all other offenses prosecuted in the single criminal action. *See* Tex. Pen. Code § 3.03(a) (2013). The judgments appropriately state: "This sentence shall run concurrently." (CR-1068, 53-56; CR-1069, 68-71).

Without question, Appellant is entitled to credit against his sentence for the time he spent imprisoned in connection with the judgments in cause numbers F02-43341 and F03-43466 because these judgments and the judgments for Manslaughter and Aggravated Assault arise out of the same criminal episode. In effect, by prosecuting all four offenses in a single criminal action in 2004, the State chose to make the sentencing restrictions in Texas Penal Code § 3.03(a) applicable. This is true even though further proceedings were initially deferred with respect to part of the criminal action. That fact did not alter the application of section 3.03 because the period of deferral is to be ignored as though it never occurred (even if it ends prematurely). As the more specific statute, section 3.03 controls over the discretion otherwise given in Texas Code of Criminal Procedure Article 42.08. *See Mireles v. State*, 444 S.W.3d 679 (Tex. App. Houston [14th Dist.] 2014) ("Section 3.03(a) operates as a limitation on the trial court's broad

discretion, unless an exception applies under Section 3.03(b)...[T]he trial court's general authority under Article 42.08 to order consecutive sentences is statutorily limited by Section 3.03 whenever a single criminal action arising out of the same criminal episode occurs"), *citing LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).

The *Judgments Adjudicating Guilt* and sentences, however, only provided for credit for December 7, 2002 through December 10, 2002 (three days); January 7, 2004 through February 12, 2004 (36 days); and June 18, 2013 through July 26, 2013 (38 days), for a total of 77 days of back-time credit. (CR-1068, 53; CR-1069, 68) (See also the jail disposition sheet, CR-1069, 62, which reflects 77 days of back-time credit). The *Judgments Adjudicating Guilt* ignore the fact that Appellant remained confined after February 12, 2004, and until the end of 2008. Appellant should have received credit for another four years and ten months spent in prison. Immediately after the *Deferred Adjudication Orders* were imposed on January 20, 2004, Appellant served four years and ten months of the five-year sentences for the Failure to Stop and Render Aid cases during the period between January 20, 2004 and towards the end of calendar year 2008. (RR3, 74, 91-92). The prison sentences for the Failure to Stop and Render Aid cases under trial court cause numbers F02-43341 and F03-43466 were imposed on the same day as the *Deferred Adjudication Orders*. And as explained above, the record clearly indicates that the

prison sentences arose from the "same criminal episode" as the *Deferred Adjudication Orders*.  It is also clear that Appellant served the four years and ten months after the sentences for the *Deferred Adjudication Orders* began.

Rather than acting to correct the problem, the Court of Appeals erred in interpreting the language of Texas Code of Criminal Procedure Article 42.03 § 2 as overriding the State's earlier election for concurrent sentencing. *See State v. Crook,* 248 S.W.3d 172, 176 (Tex. Crim. App. 2008) ("one of the purposes of Chapter 3 was to provide prosecutors with the ability to clear crowded dockets and to save tax-payer money by disposing of multiple crimes in one trial"). Texas Code of Criminal Procedure Article 42.03 § 2 expressly deals only with credit for pretrial incarceration and not how postjudgment time is credited. The lower court's judgments, however, clearly will mislead TDCJ in determining both Appellant's eligibility for parole and his maximum discharge date. Furthermore, without correction by this Court, this erroneous view may well be considered to become the "law of the case," and perhaps as a result, irreparable. Certainly, the trial court would be more hesitant to make any correction by entry of judgment *nunc pro tunc*. *Cf. Collins v. State,* 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("An incorrect calculation of the amount of back-time awarded to a defendant, or the omission of any statutory back-time in the judgment can be adjusted by a motion for judgment *nunc pro tunc*."). This would be even more unjust than how

Appellant was singled out for much harsher treatment than most others have routinely received for similar bad conduct.

Finally, construing the judgment of the trial court together with the opinion of the Court of Appeals, it appears highly likely that TDCJ and ultimately the Board of Pardons and Paroles **will now effectively treat Appellant as having received a sentence of more than 20 years for Aggravated Assault with a Deadly Weapon and Manslaughter, which is in excess of that provided by law**. *See* Tex. Pen. Code § 22.02 (2013); Tex. Pen. Code § 19.04 (2013); Tex. Pen. Code § 12.33 (2013) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in (TDCJ) for any term of not more than 20 years or less than 2 years). This result is prohibited by the Equal Protection Clause of the Fourteenth Amendment, and should be prevented. See U.S. Const. Amend. XIV; *see e.g., Ex parte Griffith*, 457 S.W.2d 60, 64 (Tex. Crim. App. 1970) (concerning determination and award of postjudgment time credit in Texas trial courts); *Jimmerson v. State*, 957 S.W.2d 875, 876 (Tex. App. Texarkana 1997, *no pet.*) (When a defendant receives the maximum sentence authorized by law, the Equal Protection Clause of the Fourteenth Amendment requires that he receive credit for pretrial jail time).

### ii. Conclusion

The Court of Appeals erred when it ruled that Appellant was not entitled to credit against his sentence for the time he spent imprisoned in connection with the judgments in cause numbers F02-43341 and F03-43466. The Court of Appeals should have credited Appellant for that time as though he had been simultaneously confined for all offenses arising out of the same criminal episode and for which Appellant had been prosecuted in a single criminal action.

As a result, (1) the decision of the Court of Appeals decision conflicts with the decision of another court of appeals on the same issue; and (2) the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. *See* Tex. Rule App. Proc. 66.3 (2015). Appellant asks this Court to grant discretionary review.

## IX. Conclusion and Prayer

For the reasons stated in this petition, Appellant respectfully prays that this Court grant discretionary review, reverse the *Memorandum Opinion* and judgment of the Fifth Court of Appeals, strike the *Deferred Adjudication Order* and the *Judgment Adjudicating Guilt* and sentence for the Manslaughter case under cause number F03-01253 (05-13-01069-CR) as void judgments, and reverse the *Judgment Adjudicating Guilt* and sentence for the Manslaughter. Appellant further prays that this Court reverse the *Judgments Adjudicating Guilt* and sentences and

remand this case back to the trial court for a proper recalculation of the actual time-credit towards Appellant's sentence to reflect the additional four years and ten months Appellant spent in prison.

Respectfully submitted,

Michael Mowla
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

**/s/ Michael Mowla**
By: Michael Mowla

## X.  Certificate of Service

This certifies that on February 25, 2015, a copy of this document was served on Lori Ordiway and Lisa Smith of the Dallas County District Attorney's Office, Appellate Division, 133 N. Riverfront Boulevard, Dallas, Texas 75207 by email to lori.ordiway@dallascounty.org, lisa.smith@dallascounty.org, and DCDAAppeals@dallascounty.org; and on Lisa McMinn, the State Prosecuting Attorney, by email to Lisa.McMinn@spa.texas.gov, and John Messinger, Assistant State Prosecuting Attorney, by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and Tex. Rule App. Proc. 68.11 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

**XI. Certificate of Compliance with Tex. Rule App. Proc. 9.4**

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 4,500 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 4,433 words in the document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented (grounds for review section), statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. *See* Tex. Rule App. Proc. 9.4 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

# APPENDIX 1

## *Ayers v. State*

Court of Appeals of Texas, Fifth District, Dallas

December 31, 2014, Opinion Filed

No. *05-13-01068-CR*, No. 05-13-01069-CR

**Reporter**

2014 Tex. App. LEXIS 13977

MATTHEW JAMES AYERS, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** **[*1]** On Appeal from the Criminal District Court No. 4, Dallas County, Texas. Trial Court Cause Nos. F-0301252-K & F-0301253-K.

## Core Terms

manslaughter, sentences, deferred, trial court, intoxication, cases, probation, void, guilty plea, ex parte, jail, render aid, Appeals, serving, orders

## Case Summary

### Overview

HOLDINGS: [1]-Defendant's manslaughter conviction was not void where he pleaded guilty and judicially confessed to the offense; [2]-The trial court did not err by failing to give defendant pre-sentence jail time credit under *Tex. Crim. Proc. Code Ann. art. 42.03, § 2(a)(1)* (2011) for the time he was incarcerated serving his sentences for two failure to stop and render aid cases because the orders placing him on deferred adjudication for manslaughter and aggravated assault did not provide a basis for his confinement and he was released after serving his sentences notwithstanding those orders.

### Outcome

Judgment affirmed.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Standards of Review > Substantial Evidence > General Overview

Criminal Law & Procedure > ... > Entry of Pleas > Guilty Pleas > General Overview

Criminal Law & Procedure > ... > Standards of Review > Substantial Evidence > General Overview

Criminal Law & Procedure > ... > Entry of Pleas > Guilty Pleas > General Overview

*HN1* To show a conviction is void on the basis "no evidence," there must be a complete lack of evidence to support the conviction, not merely insufficient evidence. A guilty plea constitutes some evidence for this purpose.

> Criminal Law & Procedure > Sentencing > Credits
>
> Criminal Law & Procedure > ... > Reviewability > Waiver > General Overview
>
> Criminal Law & Procedure > Sentencing > Credits
>
> Criminal Law & Procedure > ... > Reviewability > Waiver > General Overview

*HN2* The Court of Criminal Appeals of Texas has held a defendant may "affirmatively waive" his statutory right to pre-sentence jail time credit if the record supports that a waiver occurred.

> Criminal Law & Procedure > Sentencing > Credits
>
> Criminal Law & Procedure > Sentencing > Credits

*HN3* See *Tex. Crim. Proc. Code Ann. art. 42.03, § 2(a)(1)* (2011).

> Criminal Law & Procedure > Sentencing > Credits
>
> Criminal Law & Procedure > Sentencing > Credits

*HN4* *Tex. Crim. Proc. Code Ann. art. 42.03, § 2(a)(1)* (2011) only allows for credit for time a defendant was in jail for the same case in which he is seeking credit.

> Criminal Law & Procedure > Sentencing > Credits
>
> Criminal Law & Procedure > Sentencing > Credits

*HN5* *Tex. Crim. Proc. Code Ann. art. 42.03, § 2(a)(1)* (2011) requires credit for time served for "the case," not for offenses arising out of the same criminal episode.

**Judges:** Before Justices O'Neill, Lang-Miers, and Brown. Opinion by Justice O'Neill.

**Opinion by:** MICHAEL J. O'NEILL

## Opinion

**MEMORANDUM OPINION**

Opinion by Justice O'Neill

Appellant Matthew James Ayers appeals the trial court's judgments adjudicating his guilt for manslaughter and aggravated assault. In two issues, appellant contends (1) his manslaughter conviction is "void," and (2) the trial court erred in failing to give him credit against his sentences for time he was incarcerated serving sentences for two other cases. For the following reasons, we affirm the trial court's judgments.

In 2004, appellant pleaded guilty to manslaughter for recklessly causing the death of Sandra Escamilla when he, while intoxicated, ran through a red light in excess of the speed limit, causing a multi-vehicle

accident. Appellant also pleaded guilty to aggravated assault for critically injuring another person in the same collision. Finally, appellant also pleaded guilty to failing to stop and render aid to the two victims.

Pursuant to a plea bargain agreement, the trial court placed appellant on deferred adjudication [*2] probation in the manslaughter and aggravated assault cases, but convicted him in the failure to stop and render aid cases and sentenced him to five-years in prison in each of those cases.

In 2013, appellant was arrested for driving while intoxicated. The State filed motions to adjudicate appellant's guilt alleging he violated the conditions of his community supervision by committing the new offense and also by failing to submit to random urine testing. Appellant pleaded true to the allegations in the State's motions. Following a hearing, the trial court found the allegations in the motions true, adjudicated appellant guilty of the offenses, and sentenced him to twenty years' confinement in each case. Appellant appeals.

In his first issue, appellant requests that we "strike" the order placing him on deferred adjudication probation for manslaughter and the judgment adjudicating his guilt for that offense. Appellant acknowledges his complaint is directed toward the original deferred adjudication proceedings and he must therefore show his manslaughter conviction is void. *See Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001)*. To make this showing, appellant presents a somewhat convoluted argument asserting that because he "should" have [*3] been convicted of "intoxication" manslaughter, and he was not eligible for deferred adjudication for that offense, the order placing him on deferred adjudication community supervision is void, which in turn rendered his manslaughter conviction void. *See TEX. CRIM. PROC. CODE ANN. art. 42.12, § 5(d)(1)(A)* (West Supp. 2014) (trial court may not grant deferred adjudication for intoxication manslaughter); *but see ex parte Williams, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001)* (grant of unauthorized regular community supervision does not constitute a void sentence); *see also Wright v. State, No. 05-02-00233-CR, 2003 Tex. App. LEXIS 4519, 2003 WL 21223294, at *2 (Tex. App. —Dallas, May 28, 2003, no pet.)* (not designated for publication).

However, appellant did not plead guilty to intoxication manslaughter, was not placed on deferred adjudication for intoxication manslaughter, and appellant was not convicted of that offense. Therefore, whether the trial court would have been "authorized" to place him on probation for that offense or whether the evidence would support a conviction for that offense is irrelevant.[1] Instead, the only question is whether appellant has shown his conviction for manslaughter was void. The only basis appellant sets forth to meet this burden is his contention that there is "no evidence" to show he committed that offense because the State [*4] failed to show he acted "recklessly." *Ervin v. State, 991*

---

[1]  We note that both "regular" manslaughter and "intoxication" manslaughter are second-degree felonies. *See TEX. PENAL CODE ANN. § 19.04(b)* (West 2011); Tex. Penal Code Ann. § 49.08(b) (West 2011). Both carry the same range of punishment, but intoxication manslaughter carries additional consequences. *See Harris v. State, 34 S.W.3d 609, 613 (Tex. App.—Waco 2000, pet ref'd)*. Therefore, if anything, intoxication manslaughter is the more serious offenses. *See id*. Here, appellant agreed to plead guilty to regular manslaughter and accepted the benefits of the plea agreement that gave him the opportunities associated with deferred adjudication probation. Only after the trial court's adjudication of guilt did appellant complain he was not eligible for deferred adjudication [*5] probation. The Court of Criminal Appeals has held that a defendant who has agreed to and benefitted from an illegal sentence is estopped from collaterally attacking a judgment on the basis that the sentence was illegal. *Rhodes v. State, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007)*; *See also Ex parte Williams, 65 S.W.3d 656, 660 (Tex. Crim. App. 2001)* (Keller, J. concurring) (defendant who accepted benefits of plea agreement granting probation should be estopped from complaining that trial court lacked authority to place him on probation when that probation is later revoked).

2014 Tex. App. LEXIS 13977, *4

*S.W.2d 804, 806 (Tex. Crim. App. 1999)* (manslaughter requires "recklessness," but intoxication manslaughter does not). **HN1** To show a conviction is void on the basis "no evidence," there must be a "complete lack of evidence to support the conviction, not merely insufficient evidence." *See Nix, 65 S.W.3d at 668 n.14*. A guilty plea constitutes some evidence for this purpose. *Id*. Here, appellant not only pleaded guilty to manslaughter, he also judicially confessed to that offense. Consequently, appellant's conviction was not void. We resolve the first issue against appellant.

In his second issue, appellant asserts the trial court erred in failing to give him pre-sentence jail time credit for the time he was incarcerated serving his sentences for the two failure to stop and render aid cases. The State asserts appellant waived any error by failing to object under *rule 33.1(a) of the rules of appellate procedure. See Tex. R. App. P. 33.1(a)*; *but see McGregor v. State, 145 S.W.3d 820, 822 (Tex. App.—Dallas 2004, no pet.)* (appellant need not object to trial court's failure to properly credit time served). **HN2** The Court of Criminal Appeals has held a defendant may "affirmatively waive" his statutory right to pre-sentence jail time credit if the record supports that a waiver occurred. *Collins v. State, 240 S.W.3d 925, 929 (Tex. Crim. App. 2007)* (citing *ex parte Olivares, 202 S.W.3d 771, 772-73 (Tex. Crim. App. 2006)*. We need not decide whether preservation was required because, even if appellant can raise this issue for the first time on appeal, he has not shown **[*6]** the trial court erred.

Here, appellant is seeking credit for time he served in prison serving sentences in two other, albeit related, cases. Appellant acknowledges his entitlement to time served is governed by *Article 42.03, § 2(a)(1)* which provides, **HN3** "[i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for *the case* . . . from the time of his arrest and confinement until his sentence by the trial court . . .." *Tex. Crim. Proc. Code Ann. art. 42.03, § 2(a)(1)* (West 2011) (emphasis added).

According to appellant, he is entitled to any time spent "actually incarcerated from the date of his 'arrest' and the date of his 'sentencing.'" **HN4** *Article 42.03, section 2(a)(1)*, however, only allows for credit for time a defendant was in jail for the same case in which he is seeking credit. *Collins v. State, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd)*; *see also ex parte Crossley, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979)*; *ex parte Alvarez, 519 S.W.2d 440, 443 (Tex. Crim. App. 1975)*. We reject appellant's assertion he was "effectively" in custody "for" the deferred adjudication orders because those orders operated as a "detainer" on him. To support this assertion, he relies on *Ex parte Jasper, 538 S.W.2d 782, 785 (Tex. Crim. App. 1976)*. In that case, the Court of Criminal Appeals held a defendant is entitled to credit for time served in another jurisdiction after the State **[*7]** of Texas placed a detainer on the defendant. *Jasper, 538 S.W.2d at 785*. The rationale for allowing a time credit under such circumstances is that the detainer provides an independent basis for the defendant's confinement. *See Ex parte Bynum, 772 S.W.2d 113, 115 (Tex. Crim. App. 1989)*; *see Alvarez, 519 S.W.2d at 443*. Here, the orders placing appellant on deferred adjudication did not provide a basis for his confinement, and he was released after serving his sentences notwithstanding those orders. *See Crossley, 586 S.W.2d at 546* (defendant not entitled to pre-sentence jail credit for time he was in jail on another offense in which the State had filed a motion to revoke probation because the motion to revoke would not have prevented appellant's release from custody). Consequently, the orders did not operate as a "detainer" on appellant.

Finally, we note that throughout this issue appellant suggests he was entitled to credit because the failure to stop and render aid cases arose out of the "same criminal episode" as the manslaughter and

aggravated assault cases. But **HN5** *article 42.03, section 2(a)(1)* requires credit for time served for "the case," not for offenses arising out of the same criminal episode. *See* *TEX. CODE CRIM. PRO. ANN. ART. 42.03, § 2(a)(1)*; *cf.* *Collins, 318 S.W.3d at 473*; *see also* *Alvarez, 519 S.W.2d at 443*; *Crossley, 586 S.W.2d at 546*; *compare* *TEX. PEN. CODE ANN. § 3.03* (West 2011) (providing for concurrent sentences for certain offenses **[\*8]** arising out of the "same criminal episode.") We conclude appellant was not entitled to credit for the time he was incarcerated serving his sentences in the failure to stop and render aid cases. We resolve the second issue against appellant.

We affirm the trial court's judgments.

/Michael J. O'Neill/

MICHAEL J. O'NEILL

JUSTICE

Do Not Publish

*TEX. R. APP. P. 47*

**JUDGMENT**

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of December, 2014.